# United States Bankruptcy Court
## Western District of Pennsylvania

| | |
|---|---|
| In Re: ) | Case No 21-21595-GLT |
| ) | |
| BLACK FORGE COFFEE MCKEES ) | |
| ROCKS LLC, ) | **Chapter 11** |
| ) | |
| Debtor. ) | |
| ) | **OBJECTION AND RESPONSE IN** |
| ) | **OPPOSITION TO APPLICATION** |
| _____ ) | **TO EMPLOY BERSTEIN-BURKLEY** |
| ) | |
| BERNSTEIN-BURKLEY, P.C. ) | |
| ) | On behalf of: |
| Movant, ) | Nicholace W. Miller, Creditor |
| ) | |
| v. ) | Related Document No. 26 |
| ) | |
| NO RESPONDANTS. ) | |

1.  Nicholace Miller is a judgment creditor of the Debtor, as well as other Debtor-related and controlled entities, including by way of that certain pending judgment in the Allegheny County Court of Common Pleas, GD-20-003767, captioned *Nicholace W. Miller v. Ashley Corts, Black Forge Grounds, LLC, Black Forge Coffee House, LLC, Black Forge Coffee, LLC and Black Forge Coffee House McKees Rocks, LLC*.

2.  Without admitting the propriety of the assets and debts identified by the Debtor, the Debtor simply cannot afford to pay the rates of Berstein-Burkley for such as small entity, which are as high as *$600 per hour* for legal counsel and *$185 per hour* for paralegal services. Either Bernstein-Burley is simply too high a priced law firm, or it must allocate and use more modestly priced resources to perform services, removing the premium resources from the list of available counsel.

3. The right to choose legal counsel is protected, but it is not absolute as suggested by the choice of $600 per hour legal counsel. Paying rates as high as $600 per hour is unconscionable for a small bankrupt debtor. It is *per se* unconscionable in light of market rates for minimally competent legal counsel, and upon information and belief, at rates not customarily paid by the Debtor before the filing for bankruptcy protection. Debtor should not be now provided with exorbitantly priced legal counsel by virtue of the public taxpayer and at the expense of a judgment creditor. *See, In re Smith,* 331 B.R. 622 (BR.MD.Pa 2005), *citing to, In re White,* 171 B.R. 554, 555 (S.D.Miss.1994) *(*"It is well established that 'those seeking compensation for professional services rendered ... on behalf of a debtor's estate bear the burden of proof in establishing the reasonable value of their services.'"), *In re Busy Beaver Building Centers, Inc.,* 19 F.3d 833, 841 (3rd Cir.1994) (A bankruptcy court has an independent duty to review any fee application, even in the absence of an objection from an interested party), *In re Evans,* 281 B.R. 552, 554 (Bankr.M.D.Pa.2001) *(citing In re Lan Assocs., XI, L.P., 192 F.3d 109, 122–123 (3d Cir.1999)).*

4. A court's "overriding obligation" when examining a professional's fee application is to "'protect the estate, lest overreaching attorneys or other professionals drain it of wealth which by right should inure to the benefit of unsecured creditors.'" *Busy Beaver,* 19 F.3d at 844. *See also In re Truong,* 259 B.R. 264, 267 (Bankr.D.N.J.2001) ("bottom line consideration" should be whether fee is fair; both to professional whose fee is sought, as well as to debtor and creditors). In awarding fees, a bankruptcy court is interested in not only adequately compensating attorneys in order to encourage competent counsel to choose bankruptcy as an area to practice, "but in insuring that the

costs of administration do not consume all of the assets that would have been available to creditors." *In re Columbia Plastics, Inc.,* 251 B.R. 580 (Bankr.W.D.Wash.2000).

5.  According to https://www.indeed.com/career/attorney/salaries/PA, the average salary for an attorney in this area is $76,005 per year, divided by 40 hours per week for 48 weeks is an internal cost of approximately $40 per hour, and payment of *$600 per hour*, to be paid by a debtor, never paid by debtor in the ordinary course of business prior to socialized public taxpayer protection, and now on the social net system for bankruptcy protection, is socially irresponsible and legally unconscionable.  Moreover, Bernsten-Burkley even suggest at ¶9 even *higher fee for unstated premium services.*

6.  No one should be so jaded to consider payment of $600 per hour, or higher for the suggested *premium* services, for a small bankrupt entity as ordinary or customary.  There are less expensive minimally competent law firms, there are fixed fee engagements, and there are lower cost resources available at Bernstein-Burkley.  Accordingly, Judgment Debtor objects to the motion as set forth by Bernstein-Burkley in its proposed application for appointment.

August 9, 2021
Errata Refiling August 11, 2021

    Respectfully submitted,

    By: /s/Gregg Zegarelli
    Gregg R. Zegarelli
    PA Bar ID: 52717

    TECHNOLOGY & ENTREPRENEURIAL
     VENTURES LAW GROUP, P.C.
    2585 Washington Road, Suite 134
    Summerfield Commons Office Park
    Pittsburgh, PA  15241
    v.412.833.0600
    mailroom.grz@zegarelli.com

## CERTIFICATE OF SERVICE

Upon information and belief, I hereby certify that the foregoing document was served upon the following by the CM/ECF:

August 11, 2021

Salene Kraemer, Esq.
Lara S. Martin, Esq.
PA ID 307272
707 Grant Street, 2200 Gulf Tower
Pittsburgh, PA  15219

James S. Fellin, Trustee
The Nottingham Group, LLC
One Gateway Center, Suite 700
Pittsburgh, PA  15222

By: /s/Gregg Zegarelli
Gregg R. Zegarelli
PA Bar ID: 52717

TECHNOLOGY & ENTREPRENEURIAL
 VENTURES LAW GROUP, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA  15241
v.412.833.0600
mailroom.grz@zegarelli.com